IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Denise Forry and Leda Chacon, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  10 C 7465 |
| | ) | |
| Cavalry Portfolio Services, LLC, a | ) | |
| Delaware limited liability company and | ) | |
| Cavalry Investments, LLC, a Delaware | ) | |
| limited liability company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiffs, Denise Forry and Leda Chacon, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and allege:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Denise Forry ("Forry"), is a citizen of the State of Minnesota, from whom Defendant attempted to collect a delinquent consumer debt owed for an HSBC credit card, despite the fact that she was represented by the legal aid attorneys at the

Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Plaintiff, Leda Chacon ("Chacon"), is a citizen of the State of Colorado, from whom Defendant attempted to collect a delinquent consumer debt owed for a GE Money Bank credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

5. Defendant, Cavalry Portfolio Services, LLC ("Cavalry"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Cavalry operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Cavalry was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiffs.

6. Defendant Cavalry is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Cavalry conducts business in Illinois.

7. Moreover, Defendant Cavalry is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Cavalry acts as a debt collector in Illinois.

8. Defendant, Cavalry Investments, LLC ("Cavalry Investments"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of

the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Cavalry Investments was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

9. Defendant Cavalry Investments is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State attached as Exhibit C. In fact, Defendant Cavalry Investments conducts extensive and substantial business in Illinois.

10. Defendants Cavalry and Cavalry Investments are sister corporations. Defendant Cavalry Investments is a bad debt buyer and Defendant Cavalry manages collections of the debts that Cavalry Investments buys.

## FACTUAL ALLEGATIONS

**Ms. Denise Forry**

11. Ms. Forry is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for an HSBC Bank credit card. At some point in time, Defendant Cavalry Investments bought Ms. Forry's HSBC Bank debt after she defaulted on it, and when Defendants began trying to collect this debt from Ms. Forry, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

12. On August 31, 2010, one of Ms. Forry's attorneys at LASPD informed Defendants, in writing, that Ms. Forry was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities

because Ms. Forry was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

13. Nonetheless, Defendants sent a collection letter, dated September 7, 2010, directly to Ms. Forry, which demanded payment of the HSBC debt. A copy of this letter is attached as Exhibit E.

14. Accordingly, on October 28, 2010, Ms. Forry's LASPD attorney had to send Defendants another letter, to direct it again to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

**Ms. Leda Chacon**

15. Ms. Chacon is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a GE Money Bank credit card. At some point in time, Defendant Cavalry Investments bought Ms. Chacon's GE Money Bank debt after she defaulted on it, and when Defendants began trying to collect this debt from Ms. Chacon, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

16. On August 31, 2010, one of Ms. Chacon's attorneys at LASPD informed Defendants, in writing, that Ms. Chacon was represented by counsel, and directed Cavalry to cease contacting her, and to cease all further collection activities because Ms. Chacon was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit G.


17. Nonetheless, Defendants sent a collection letter, dated September 7, 2010, directly to Ms. Chacon, which demanded payment of the GE Money Bank debt. A copy of this letter is attached as Exhibit H.

18. Accordingly, on October 28, 2010, Ms. Chacon's LASPD attorney had to send Defendants another letter, to direct it again to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit I.

19. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

20. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

21. Plaintiffs adopt and reallege ¶¶ 1-20.

22. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

23. Here, the letters from Ms. Forry's and Ms. Chacon's agent, LASPD, told Defendants to cease communications and cease collections. By continuing to communicate regarding these debts and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

24. Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

25. Plaintiffs adopt and reallege ¶¶ 1-20.

26. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

27. Defendants knew that Ms. Forry and Ms. Chacon were represented by counsel in connection with their debts because their attorneys at LASPD had informed Defendants, in writing, that they were represented by counsel, and had directed Defendants to cease directly communicating with them. By directly sending Ms. Forry and Ms. Chacon subsequent collection letters, despite being advised that they were represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

28. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiffs, Denise Forry and Leda Chacon, pray that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiffs Forry and Chacon, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Denise Forry and Leda Chacon, demand trial by jury.

                                                    Denise Forry and Leda Chacon,

                                                    By: /s/ David J. Philipps
                                                    One of Plaintiffs' Attorneys

Dated: November 19, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com